IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS L. REED, SR.,<br>        Plaintiff,<br><br>    v.<br><br>COURT OF COMMON PLEAS, et al.,<br>        Defendants. | C.A. No. 08-155 Erie<br>District Judge McLaughlin<br>Chief Magistrate Judge Baxter |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

        It is respectfully recommended that the motion to dismiss filed by Defendant "Court of Common Pleas" [document # 12] be granted.

        It is respectfully recommended that the motion to dismiss filed by Defendant Brad Foulk [document # 31] be granted.

        It is further recommended that Plaintiff's "Motion to Let Court Know that Common Pleas Court and Judges Below is a part of the Action" [Document # 33] and "Motion to Correct Complaint" [Document # 35] be denied as futile.

        By separate Order issued this date, the following listed motions of Plaintiff are denied:

        – Motion to Continue to Trial [Document # 18];

        – Motion of Law Defendant Right to a Speedy Trial [Document # 21]; and

        – Motion of Law Plaintiff Rights to a Speedy Trial Rule 600 violated and Plaintiff Wrongful Imprisonment [Document # 26].

        The Clerk of Courts should be directed to close this case.

**II.    REPORT**

        **A.    Relevant Factual and Procedural History**

        On May 21, 2008, Plaintiff Thomas Reed, filed this *pro se* action, raising civil rights

claims. Named as Defendants in the complaint were: "the Court of Common Pleas" and District Attorney Brad Foulk. Plaintiff alleges that Defendants have violated his Sixth Amendment right to a speedy trial because he was detained over one hundred and eighty days in violation of Pennsylvania's rules of criminal procedure. As relief, Plaintiff seeks monetary damages.

Defendants are represented separately and have each filed a motion to dismiss. Documents ## 12 and 31. Plaintiff has made several filings in opposition to the pending dispositive motions, including "Motion to Continue to Trial" [Document # 18]; "Motion of Law Defendant Right to a Speedy Trial" [Document # 21]; "Motion of Law Plaintiff Rights to a Speedy Trial Rule 600 violated and Plaintiff Wrongful Imprisonment" [Document # 26]; "Motion to Let Court Know that Common Pleas Court and Judges Below is a part of the Action" [Document # 33]; and "Motion to Correct Complaint" [Document # 35]. These filings are not true motions, but instead contain arguments opposing the dispositive motions. This Court has reviewed all of the arguments raised by Plaintiff.

The issues are fully briefed and are ripe for disposition by this Court.

### B. Standards of Review

#### 1. *Pro se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all

allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### 2. Motion to dismiss pursuant to 12(b)(6)

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, ___ 127 S.Ct. 2197, 2200 (2007); Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007), a complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at ___, 127 S. Ct. at 1965, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550

3

U.S. at ___, 127 S.Ct. at 1965. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 22, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 232, quoting Twombly, 550 U.S. at ___, 127 S.Ct. at 1965 n.3.

### C. Sovereign Immunity

Defendant Court of Common Pleas has moved to dismiss based upon the immunity granted to the states and their agencies under the Eleventh Amendment.

In order to establish liability under § 1983, plaintiff must show that: (1) he was deprived of rights secured by United States Constitution or laws of United States, and (2) he was subjected or caused to be subjected to constitutional deprivation by person acting under color of state law. 42 U.S.C.A. § 1983.

Plaintiff seeks damages under § 1983 from the Erie County Court of Common Pleas. The Eleventh Amendment proscribes actions in the federal courts against states, their agencies, and state officials acting within their official capacities. Laskaris v. Thornburgh, 661 F.2d 23 (3d Cir. 1981) (Pennsylvania); Mt. Healthy City Board of Education v. Doyle, 429 U.S. 274 (1977) (state agencies); Edelman v. Jordan, 415 U.S. 651 (1974) (state employees acting in their official capacity). The only ways that a state may be sued in federal court are if (1) the state has waived its Eleventh Amendment immunity (Kentucky v. Graham, 473 U.S. 159 (1985)), or (2) Congress has made it unmistakably clear in either the language of a statute or in its legislative history that it is its intention to permit such suits (Board of Trustees of the University of

4

Alabama v. Garrett, 531 U.S. 356 (2001)). Thus, unless Erie County Court of Common Pleas has consented to suit here or the Congress has expressly abrogated this institution's Eleventh Amendment immunity, neither of which has occurred, this case should be dismissed against the court.

In addition, entities acting under color of state law cannot be held liable under 42 U.S.C. § 1983 on a *respondeat superior* theory. Monell v. Department of Social Services, 436 U.S. 658 (1978) (superiors of line officers who act in violation of constitutional rights may not be held liable on a theory of vicarious liability merely because the superior had a right to control the line officer's action); Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-1295 (3d Cir. 1997) (to hold police chief liable under § 1983 for violating female subordinate officer's rights, she was required to prove that he personally participated in violating the her rights, that he directed others to violate her rights, or that he had knowledge of and acquiesced in his subordinates' violations). To state a viable claim under section 1983 against Erie County Court of Common Pleas, Plaintiff must allege that he was injured as the result of a "policy or custom" of this entity-defendant. Monell, 436 U.S. 691. A "[p]olicy is made when a 'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action' issues an official proclamation, policy or edict." Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990). A custom "can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990). Plaintiffs' complaint contains no allegations that a custom or policy of the court led to any claimed injuries. The Court of Common Pleas is named as defendant simply as the entity-in-charge and thus, Plaintiff's complaint fails to state a claim upon which relief may be granted.

Accordingly, the motion to dismiss filed by Defendant Court of Common Pleas should be granted.[1]

---

[1] In the event that Plaintiff amended his complaint to specifically name a judge as a defendant (see document # 33), his claim would nonetheless fail to state a claim. It is a well

D.  **Prosecutorial Immunity**

Defendant Foulk moves to dismiss based upon the doctrine of prosecutorial immunity.

A prosecutor engaged in "activities [ ] intimately associated with the judicial phase of the criminal process" is absolutely immune from section 1983 money damages. Imbler v. Pachtman, 424 U.S. 409, 420 (1976). See also Kalina v. Fletcher, 522 U.S. 118, 125 (1997); Buckley v. Fitzsimmons, 509 U.S. 254 (1993). Actions that relate to the prosecutor's role as an advocate are "judicial" actions. Mancini v. Lester, 630 F.2d 990, 993 (3d Cir. 1980). For example, prosecutors are absolutely immune from claims for malicious prosecution, for solicitation of perjured testimony, and for conspiracy with state actors while engaged in an advocacy role. See Rose; Imbler. In fact, a prosecutor's duties extend beyond the actual filing of a lawsuit. In Imbler, the Supreme Court noted that "the duties of the prosecutor in his role as an advocate for the state involve actions preliminary to the initiation of a prosecution and action separate from the courtroom." 424 U.S. at 431, n. 33. Thus, prosecutors are absolutely immune from liability for filing false charges or initiating a prosecution. Briscoe v. LaHue, 460 U.S. 325, 334 (1982); Kulwicki v. Dawson, 969 F.2d 1454, 1463 (3d Cir. 1992).

Prosecutors engaged in solely administrative or investigative duties are not absolutely

---

settled principle of law that judicial officers are immune from damage suits arising out of their official duties. Stump v. Sparkman, 435 U.S. 349 (1978); Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000). Judicial immunity is an "immunity from suit, not just from an ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991). See also Seigert v. Gilley, 500 U.S. 226, 231 (1991) ("One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."); In Re Montgomery County, 215 F.3d 367, 373 (3d Cir. 2000) ("Absolute immunity creates not only protection from liability, but also a right not to stand trial.").

"A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of authority...." Sparkman, 435 U.S. at 356. Judicial immunity may be overcome only when: (i) the challenged actions were not taken in the judge's judicial capacity; or (ii) the challenged actions, "though judicial in nature, were taken in the complete absence of all jurisdiction." Mireles, 502 U.S. at 11-12. Neither of these situations is alleged here.

6

immune. Rose v. Bartle, 871 F.2d 331, 343 (3d Cir. 1989). "A prosecutor acting in an investigative or administrative capacity is protected only by qualified immunity." Carter v. City of Philadelphia, 181 F.3d 339, 356 (3d Cir. 1999).

As Plaintiff's allegations involve acts conducted as part of the judicial process, Defendant Foulk is absolutely immune as a matter of law. The motion to dismiss filed by Defendant Foulk should be granted.

      **E.**    **Futility of Amendment**

Plaintiff has filed a "Motion to Let Court Know that Common Pleas Court and Judges Below is a part of the Action" which seeks to add Judge Elizabeth Kelly and Judge John Garhart as Defendants to this action, as well as a "Motion to Correct the Complaint" seeking to further explain his allegations against Defendants Court of Common Pleas and Foulk.

Federal Rule of Civil Procedure 15(a) states that "leave [to amend] shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). "In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be freely given." Foman v. Davis, 371 U.S. 178, 182 (1962) (interpreting Federal Rules of Civil Procedure). An amendment would be futile when the complaint, as amended, would fail to state a claim upon which relief could be granted. In re NAHC, Inc. Securities Litigation, 306 F.3d 1314, 1332 (3d Cir. 2002).

Plaintiff has made no new allegations which can overcome the bars of sovereign, judicial and prosecutorial immunity against these Defendants. Accordingly, these motions, which are liberally construed as motions to amend the complaint, should be dismissed as futile.

7

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the motion to dismiss filed by Defendant "Court of Common Pleas" [document # 12] be granted.

It is respectfully recommended that the motion to dismiss filed by Defendant Brad Foulk [document # 31] be granted.

It is further recommended that Plaintiff's "Motion to Let Court Know that Common Pleas Court and Judges Below is a part of the Action" [Document # 33] and "Motion to Correct Complaint" [Document # 35] be denied as futile.

By separate Order issued this date, the following listed motions of Plaintiff are denied:

– Motion to Continue to Trial [Document # 18];

– Motion of Law Defendant Right to a Speedy Trial [Document # 21]; and

– Motion of Law Plaintiff Rights to a Speedy Trial Rule 600 violated and Plaintiff Wrongful Imprisonment [Document # 26].

The Clerk of Courts should be directed to close this case.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Failure to timely file objections may constitute a waiver of appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

Susan Paradise Baxter<br>
SUSAN PARADISE BAXTER<br>
Chief United States Magistrate Judge

Dated: March 17, 2009